IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMED BABAI, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-22-3995 |
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Mohammed Babai, a foreign national, arrived at the George Bush Intercontinental Airport in Houston, Texas, on the afternoon of November 16, 2022, on a visitor visa. He was detained at the airport and refused entry into the United States by Customs and Border Protection and Immigration and Customs Enforcement officials. These federal officials determined that Mr. Babai was "inadmissible" under the Immigration and Nationality Act. The basis was that he had overstayed a prior visitor visa by over 180 days, in violation of 8 U.S.C. § 1182(a)(9)(B). Mr. Babai argues that he is not inadmissible under the statute because: (1) he overstayed his prior visitor visa authorization only because airline closures due to Covid made it impossible for him to return to India within the visa period; (2) he filed an appropriate application to extend his authorization, but the application was rejected on a technicality—he underpaid by $10—after he had already gone back to India; and (3) at worst, he overstayed his prior visitor authorization by only 135 days, not the 180 days specified in the statute.

Mr. Babai is scheduled to be deported from the United States today. He filed an emergency motion for a temporary restraining order with this court. (Docket Entry No. 1). He argues that his due process rights under the Fifth Amendment of the United States Constitution have been violated because federal officials offered him no forum to appeal the removal determination. *See Zadvydas*

*v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("It is true that aliens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.").

The court held a hearing and determined that it lacks jurisdiction over Mr. Babai's claim. Under 8 U.S.C. § 1252(a)(2)(B), a district court does not have jurisdiction to review "any judgment regarding the granting of relief" under certain sections of Title 8, or over "any other decision or action of the Attorney General or the Secretary of Homeland Security" in asylum cases. Mr. Babai's claims asked this court to review a "decision or action of the Attorney General or the Secretary of Homeland Security" on a matter unrelated to asylum. This court lacks jurisdiction.

Mr. Babai may, however, be able to seek relief from the U.S. Court of Appeals for the Fifth Circuit. Although the Immigration and Nationality Act strips district courts of jurisdiction, it is not to "be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Mr. Babai may be able to get relief there. But because this court lacks jurisdiction to grant the relief Mr. Babai seeks, the motion for a temporary restraining order is denied.

SIGNED on November 17, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge